IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **TONY SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 13-2775** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STERLING INFOSYSTEMS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties, Plaintiff Tony Smith ("Plaintiff") and Defendant Sterling Infosystems, Inc. ("Sterling"), conferred on August 1, 2014 and submit the following report of their meeting for the Court's consideration:

I.      **Discussion of Claims, Defenses and Relevant Issues**

**Plaintiff:**

This is an action for damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, *as amended.*  Plaintiff alleges that Defendant has been reporting derogatory and inaccurate information on Plaintiff's background report. The inaccurate information relates to Plaintiff's criminal history and includes a felony for carrying a firearm without a license and a misdemeanor for possession of a controlled substance that do not belong to Plaintiff but instead to another person whom Plaintiff does not know and is of no relation to Plaintiff. Plaintiff was denied an employment opportunity as a result of this inaccurate information contained on Plaintiff's background report.  Plaintiff seeks actual damages, punitive damages, and attorneys' fees and costs under the fee-shifting provisions of the FCRA.

**Sterling:**

Defendant prepared a background report regarding the Plaintiff for Hazen Transport, Inc. on or about November 27, 2012.   The report contained certain criminal record information matching Plaintiff's name and date of birth.   Upon receipt of the report, Plaintiff contacted Defendant to dispute the criminal record information contained in the report on the grounds that it did not belong to him.   Defendant promptly conducted an investigation into Plaintiff's dispute and prepared an updated background report which removed the disputed information.   Defendant denies that it violated the FCRA with respect to Plaintiff, and denies that it caused Plaintiff any harm for which he is entitled to relief.

**II.      Informal Disclosures:**

The parties served their initial disclosures in accordance with the Court's Notice dated July 3, 2014 (Docket No. 13).

**III.      Formal Discovery**

The parties anticipate that discovery will be necessary prior to the filing of dispositive motions, including the exchange of written discovery requests and responses thereto and the depositions of the parties, as explained below.   The parties have already exchanged written discovery requests in the form of interrogatories and requests for production of documents. Following receipt of responses to these written discovery requests, the parties intend to conduct depositions.   Plaintiff intends to depose one or more representatives of Sterling regarding the claims advanced in the Complaint.   Defendant intends to depose the Plaintiff, any fact witnesses identified by the Plaintiff in initial disclosures and/or written discovery responses, and/or any fact witnesses with information regarding Plaintiff's claimed damages.   In order to complete these discovery tasks, the parties suggest that factual discovery proceed through December 5, 2014.

The parties have taken measures to preserve any discoverable information in this matter.

The parties agree that a Stipulated Protective Order may be necessary to protect confidential or proprietary information in this case.  The parties anticipate submitting an agreed order for the Court's consideration.

**IV.     Electronic Discovery**

Given the nature of the allegations, the parties do not anticipate any issues with electronically stored information and/or the need for a detailed plan specifically pertaining to the discovery of electronically stored information in this case.  The parties have agreed to produce any electronically stored information in hard copy as an initial matter.  Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer between themselves regarding any additional exchange or production that any party believes necessary, before bringing the matter before the Court.

**V.     Expert Witness Disclosures**

The parties do not anticipate the use of expert witnesses at this time.

**VI.     Early Settlement or Resolution**

The parties anticipate discussing the potential for an early resolution of this matter once initial documentation has been exchanged.  Defendant has requested a settlement demand from the Plaintiff.  The parties are amenable to conducting a settlement conference before a Magistrate Judge prior to the close of factual discovery.

**VII.     Trial**

Pretrial and trial requirements and deadlines should be set abiding by any ruling on dispositive motions.

## VIII.   Other Matters

None.


Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**               **LECLAIR RYAN, P.C.**


*/s/ Gregory Gorski*                          */s/ Thomas C. Regan*
Gregory Gorski, Esq.                        Thomas C. Regan, Esq.
Land Title Building, 19th Floor             1037 Raymond Boulevard
100 South Broad Street                      Sixteenth Floor
Philadelphia, PA   19110                    Newark, NJ  07102
Telephone:  (215) 735-8600                  Telephone: (973) 491-3360
Facsimile:  (215) 940-8000                  Facsimile:  (973) 491-3569

*Attorneys for Plaintiff*                      Megan S. Ben'Ary, Esq. (admitted *pro hac vice*)
*Tony Smith*                                  2318 Mill Road, Suite 1100
                                             Alexandria, VA 22314
                                             Telephone: (703) 647-5933
                                             Facsimile: (703) 647-5983

                                             *Attorneys for Defendant Sterling Infosystems, Inc.*




Dated: August 1, 2014